UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:23-cv-01097-JPH-MKK |
| | ) |
| STATE OF INDIANA, | ) |
| COUNTY OF MARION, | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court dismissed this case on July 18, 2023, after finding that Plaintiff's complaint was identical to the complaint in an earlier-filed case, 1:23-cv-1094, and that the complaint should be dismissed as frivolous for the reasons explained by Judge Magnus-Stinson in that case.  Dkt. 9.  Plaintiff has filed a motion for reconsideration, arguing that his complaint stated a non-frivolous claim that "Defendants committed commercial fraud by refusing to prove the subject-matter of courts" in an underlying state case.  Dkt. 11 at 4. He also believes that the Court was biased against him for equating his status as a "Moorish National" with the concept of "sovereign citizenship."  *Id.* at 2–5.

Construing the request as a Rule 59(e) Motion to Alter or Amend a Judgment, Plaintiff has not met the burden for reconsideration.  *See* Fed. R. Civ. P. 59(e).  The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits."  *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174

(1988).  To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment."  *Edgewood v. Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013).  A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent."  *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).  Relief through a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case."  *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

Plaintiff offers no basis on which to find that this is such an "exceptional case."  *Id.*  The Court considered the reasons Judge Magnus-Stinson gave for dismissing the identical complaint filed in 1:23-cv-1094 and found them appropriate.  Dkt. 9.  The reasons for doing so were not out of bias against Plaintiff; instead, the Court agreed with Judge Magnus-Stinson that Plaintiff had not stated a plausible claim on which relief could be granted.  *Id.*  Plaintiff has not established that the decision was the result of "wholesale disregard, misapplication, or failure to recognize controlling precedent" *Oto v*, 224 F.3d at 606, so the motion for reconsideration is **DENIED**.  Dkt. [11].

**SO ORDERED.**

Date: 8/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MENES ANKH EL
P.O. Box 88062
Indianapolis, IN 46208